■ CONCERT RADIO, INC., Appellant, v GAF CORPORATION et al., Respondents. — Order of the Supreme Court, New York County (Richard S. Lane, J.), entered on April 14, 1983, which adjudged plaintiff's counsel guilty of contempt of court for having willfully disobeyed the court's order of March 9, 1981, and fined said counsel in the sum of $250, is reversed, on the law and in the exercise of discretion, and the motion for contempt denied, without costs or disbursements. Order of the Supreme Court, New York County (D. Vincent Cerrito, J.), entered on November 16, 1983, which granted defendants' motion to renew and, upon renewal, granted their motion for a protective order vacating items 2, 6, and 9 of plaintiff's fourth notice for discovery and inspection and denied plaintiff's cross motion for an order striking defendants' answer, is modified, on the law, the facts and the exercise of discretion, to the extent of denying defendants' motion for a protective order and otherwise affirmed, without costs or disbursements. Although plaintiff and defendants herein entered into a so-ordered stipulation which provided that certain documents be used solely for the purpose of the litigation between them, and plaintiff's attorney did technically violate the court's mandate by delivering protected material to a third party, Special Term was not warranted in holding plaintiff's counsel in contempt of court. Section 770 of the Judiciary Law authorizes an order of contempt where the accused has committed the offense charged if the conduct involved "was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to an action or special proceeding". In the instant matter, the documents at issue had already become part of the public court record and could have been examined and copied by anyone with an interest in doing so. At most, plaintiff's attorney may have saved the party to whom it turned over the materials some inconvenience. However, there is no showing that his action was calculated to, or actually did, impair or prejudice the defendants' rights in any way. Consequently, since the court's order of November 16, 1983 imposed a penalty upon plaintiff for the purported noncompliance by its counsel with the stipulation agreement, the order should be modified to the extent of denying defendants' motion for a protective order with regard to specified items of plaintiff's notice for discovery and inspection. Concur — Murphy, P. J., Sandler, Fein, Milonas and Kassal, JJ.